## Ex parte TOM BURK.

No. A-10942.   Nov. 19, 1947.

(187 P. 2d 252.)

Guy L. Andrews and George L. Hill, both of McAlester, for petitioner.

Mac Q. Williamson, Atty. Gen., and Wayne Russell, Co. Atty., Bob Perdue, and Jack Bradley, all of Wilburton, for respondent.

JONES, J.   This is an original proceeding in habeas corpus instituted by the petitioner, Tom Burk, also known as Tommie Burk, for the purpose of being admitted to bail upon a charge of murder, now pending against him in the district court of Latimer county.

The verified petition alleges that the petitioner is now confined in the county jail of Latimer county, pursuant to a commitment issued by a justice of peace of Latimer county, ordering the defendant to await trial in the district court on a charge of murder. The petition further alleges that on September 17, 1947, the petitioner filed his application to be admitted to bail in the district court of Latimer county, a hearing was had on said application at which time the petitioner testified as to all matters and things within his knowledge concerning the death of Lawrence Riley, and that neither at the preliminary hearing, nor at the hearing before the district court, did the state introduce any evidence to connect the defendant in any manner whatsoever with the death of the said Lawrence Riley, but that the district court of Latimer county without any justification in the facts or the law refused to admit him to bail. A transcript of the evidence taken at the preliminary hearing, and at the hearing before the district court on the application for bail, was filed with the petition as a part thereof.

A rule to show cause was issued and a return filed by the sheriff of Latimer county in which he stated that he was holding the petitioner pursuant to the commitment of the justice of peace of Latimer county on a charge of murder.

At the hearing before this court, the evidence showed that on August 23, 1947, a criminal complaint was filed against one Leo Frey, charging him with a crime of murder allegedly committed upon one Lawrence Riley, on that day. At the same time an order was made holding the petitioner, Tommie Burk, as a material witness and his bond was fixed in the sum of $1,000, to appear on the date of the preliminary examination to testify as a wit-

ness for the state in the prosecution of the said Leo Frey. Subsequently, on September 2, 1947, the county attorney amended the complaint filed against Leo Frey, by adding the name of the petitioner, Tommie Burk, as a codefendant on said charge of murder. A preliminary examination was held on September 9, 1947, and the petitioner, Tommie Burk, as well as the codefendant, Leo Frey, were ordered held for trial on said charge of murder to be filed in the district court of Latimer county.

The proof showed that one Lawrence Riley and Leo Frey had an altercation on the night of August 22, 1947, during which altercation Leo Frey stabbed the said Lawrence Riley in the leg with his pocketknife severing an artery, which caused the said Lawrence Riley to bleed to death several minutes later. We shall not comment upon the evidence other than to say that in so far as it connects the petitioner, Tommie Burk, with the commission of the crime of murder, the evidence that was presented to this court fails to show that the petitioner, Burk, was involved in the altercation between Frey and Riley.

Under the evidence of the state, there was very little, if anything, which justified the justice of peace in making an order holding the defendant, Tommie Burk, for trial. He was an eyewitness and very probably should have been continued under bond as a material witness for the state. After a consideration of the record, this court at the time of the hearing made an order that the petitioner, Burk, be admitted to bail in the sum of $1,500.

It is therefore ordered that petitioner be admitted to bail in the sum of $1,500, said bond to be conditioned as provided by law, to be approved by the court clerk of Latimer county; that when said bond is given and approved

by the court clerk of said county that petitioner be discharged from custody.

BAREFOOT, P. J., and BRETT, J., concur.